Dale M. Cendali
Johanna Schmitt
Shanti E. Sadtler
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
dale.cendali@kirkland.com
johanna.schmitt@kirkland.com
shanti.sadtler@kirkland.com

*Attorneys for Defendant*
*Sun TV Network Ltd.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FREEPLAY MUSIC, LLC, | CASE NO. 1:16-cv-06310-ALC |
| Plaintiff and Counterclaim-Defendant, | ECF Case |
| - against - | **ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** |
| SUN TV NETWORK, LTD., | |
| Defendant and Counterclaim-Plaintiff. | |

Defendant Sun TV Network, Ltd. (hereinafter "Sun TV"), by and through its attorneys, Kirkland & Ellis LLP, answers the Complaint and Jury Demand (the "Complaint") of Plaintiff Freeplay Music, LLC ("Plaintiff" or "Freeplay") in this action as follows:

### Nature of the Action

1.      Sun TV, a well-respected media conglomerate located in India, states that, as detailed in its Counterclaim, Freeplay—through its website and by virtue of its name—has deceptively and misleadingly led Sun TV and many others to believe that it offers music downloads for free, only later to demand exorbitant settlement amounts that far exceed its license fees.  As a result

of Freeplay's deceptive business model, many other companies, like Sun TV, have filed claims

for false advertising and the like against Freeplay.  Further, Sun TV states that the allegations

contained in Paragraph 1 of the Complaint are conclusions of law as to which no responsive

pleading is necessary, but to the extent any response is required, denies knowledge or

information sufficient to form a belief as to the allegations set forth in Paragraph 1 of the

Complaint.

### Parties

2.     Denies information or knowledge sufficient to admit or deny the allegations set forth in

Paragraph 2 of the Complaint.

3.     Admits the allegations set forth in Paragraph 3 of the Complaint.

### Jurisdiction and Venue

4.     States that the allegations set forth in Paragraph 4 of the Complaint are conclusions

of law as to which no responsive pleading is necessary.

5.     States that the allegations set forth in Paragraph 5 of the Complaint are conclusions of

law as to which no responsive pleading is necessary.

6.     States that the allegations set forth in Paragraph 6 of the Complaint are conclusions of

law as to which no responsive pleading is necessary, but to the extent any response is required,

denies that Sun TV derives substantial revenue from interstate commerce and that Sun TV has

performed acts causing harm to Freeplay, admits that Sun TV conducts business over the

Internet, and denies information or knowledge sufficient to admit or deny the remaining

allegations set forth in Paragraph 6 of the Complaint.

7.     Admits that Sun TV channels are available to viewers in the United States, including

New York.

8.      Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 8 of the Complaint.

9.      Admits that Sun TV posted certain videos on YouTube, which videos were accessible in New York.

**FPM and Its Business**

10.     Denies information or knowledge sufficient to admit or deny the allegations set forth in Paragraph 10 of the Complaint.

11.     Admits that Freeplay makes certain songs available on its website, http://www.freeplaymusic.com, states that Freeplay's website and business name deceptively states and suggests that its music is available for use for free, without a license, as further detailed below in Sun TV's Counterclaim, and denies information or knowledge sufficient to admit or deny the remaining allegations set forth in Paragraph 11 of the Complaint.

12.     Denies information or knowledge sufficient to admit or deny the allegations set forth in Paragraph 12 of the Complaint.

13.     Admits that Freeplay's website makes available various music files for download in a deceptive manner that indicates they can be downloaded for free, and denies information or knowledge sufficient to admit or deny the remaining allegations set forth in Paragraph 13 of the Complaint.

14.     Denies information or knowledge sufficient to admit or deny the allegations set forth in Paragraph 14 of the Complaint, and further states that Freeplay's website and name deceptively suggests that its music is available for free, without a license, as further detailed below in Sun TV's Counterclaim.

15.     Denies information or knowledge sufficient to admit or deny the allegations set forth in Paragraph 15 of the Complaint.

16.     Denies information or knowledge sufficient to admit or deny the allegations set forth in Paragraph 16 of the Complaint.

## Defendant

17.     Admits the allegations set forth in Paragraph 17 of the Complaint.

18.     Admits the allegations set forth in Paragraph 18 of the Complaint.

19.     Denies the allegations set forth in Paragraph 19 of the Complaint and further states that the genre categories of Sun TV's channels are General Entertainment Channel, Kids, Movies, Music, and News and Current Affairs.

20.     Denies that Sun TV promotes itself and markets its products and services to its customers through videos.  Admits that Sun TV has uploaded videos related to some of its programmes and that such videos have been available online, including on YouTube, but denies the allegation that such videos are used to promote and market Sun TV's products and channels.

21.     Admits that certain Sun TV programming is available through satellite TV provider DISH Network LLC, and denies information or knowledge sufficient to admit or deny the remaining allegations set forth in Paragraph 21 of the Complaint.

22.     Admits that certain Sun TV programming is available through YuppTV, which is available to consumers in the United States, including in New York, and denies information or knowledge sufficient to admit or deny the remaining allegations set forth in Paragraph 22 of the Complaint.

23.     Denies the allegations set forth in Paragraph 23 of the Complaint.

## The FPM Copyrights at Issue and Defendant's Unauthorized Exploitation

### *FPM's Copyrights*

24.     Based on the online records made available by the Copyright Office, denies that Freeplay is the owner of Registration Nos. SR 333-613, SR 333-618, SR 333-631, SR 333-

4

635, SR 333-636, SR 333-651, SR 335-537, SR 335-543, SR 335-548, SR 335-613, SR 335-708, SR 335-719, SR 335-879, SR 335-926, SR 336-918, SR 336-919, SR 336-929, SR 336-934, SR 336-935, SR 336-939, SR 336-994, SR 337-057, SR 337-058, SR 337-059, SR 337-061, SR 337-119, SR 337-144, SR 337-156, SR 337-196, SR 337-200, SR 337-201, SR 337-205, SR 337-206, SR 337-221, SR 337-557, SR 362-469, SR 374-845, SR 374-911, SR 374-912, SR 374-913, SR 374-914, SR 378-924, SR 382-040, SR 396-282, SR 406-235, and SR 411-915; and with regard to the remaining registrations cited in Paragraph 24 of the Complaint, admits that Freeplay is listed as the owner of the registrations according to the online records made available by the Copyright Office, but denies knowledge or information sufficient to deny whether Freeplay is the owner of such registrations.

### Defendant's Unlicensed Use of the Music Copyrights

25.      Denies knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 25 of the Complaint.

26.      Admits the allegations set forth in Paragraph 26 of the Complaint.

27.      Denies the allegations set forth in Paragraph 27 of the Complaint.

28.      States that the allegations set forth in Paragraph 28 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 28 of the Complaint.

29.      Denies the allegations set forth in Paragraph 29 of the Complaint.

30.      Denies the implication that TuneSat, LLC ("TuneSat") is independent of Freeplay given that, on information and belief, TuneSat and Freeplay share the same office and both were founded by Scott Schreer, and otherwise denies information or knowledge sufficient to admit or deny the allegations set forth in Paragraph 30 of the Complaint.

5

31.     Denies information or knowledge sufficient to admit or deny the allegations set forth in Paragraph 31 of the Complaint.

32.     Admits that Sun TV received a letter on or about October 5, 2015, from TuneSat that was dated September 30, 2015, and which alleged that Sun TV was using Freeplay's music.

33.     Denies that Sun TV responded on January 16, 2016, and further states that Sun TV responded to TuneSat on January 19, 2016, and that Sun TV and TuneSat thereafter exchanged further communications, and denies the remaining allegations set forth in Paragraph 33 of the Complaint.

### Count I: Copyright Infringement

34.     Repeats and incorporates herein its responses to Paragraphs 1 through 33 of the Complaint as set forth above as if repeated here in their entireties.

35.     States that the allegations set forth in Paragraph 35 are conclusions of law as to which no responsive pleading is necessary.

36.     Admits that based on online records made available by the Copyright Office, the alleged copyrights appear to have been registered, but denies that Freeplay is the owner of all such copyrights, as further detailed in Sun TV's answer to Paragraph 24 of the Complaint.

37.     Denies information or knowledge sufficient to admit or deny the allegations set forth in Paragraph 37 of the Complaint.

38.     States that the allegations set forth in Paragraph 38 are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, denies information or knowledge sufficient to admit or deny the allegations set forth in Paragraph 38 of the Complaint.

39.     Denies the allegations set forth in Paragraph 39 of the Complaint.

40.     States that the allegations set forth in Paragraph 40 are conclusions of law as to which

no responsive pleading is necessary, but to the extent any response is required, denies the allegations set forth in Paragraph 40 of the Complaint.

41.     States that the allegations set forth in Paragraph 41 are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, denies the allegations set forth in Paragraph 41 of the Complaint.

42.     States that the allegations set forth in Paragraph 42 are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, denies the allegations set forth in Paragraph 42 of the Complaint.

43.     States that the allegations set forth in Paragraph 43 are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, denies the allegations set forth in Paragraph 43 of the Complaint.

44.     Any allegation not specifically admitted herein is denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1.     Plaintiff's claim fails in whole or in part because the Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

2.     Plaintiff's claim is barred in whole or in part because Plaintiff does not own the copyrights to all of the allegedly infringed works.

### THIRD DEFENSE

3.     The Court lacks subject matter jurisdiction over Plaintiff's claim because Plaintiff lacks standing to assert its claim.

## FOURTH DEFENSE

4.      Plaintiff's claim is barred in whole or in part by the doctrine of estoppel.

## FIFTH DEFENSE

5.      Plaintiff's claim is barred in whole or in part by the statute of limitations.

## SIXTH DEFENSE

6.      Plaintiff's claim is barred in whole or in part due to Plaintiff's failure to mitigate damages.

## SEVENTH DEFENSE

7.      Plaintiff's claim is barred in whole or in part by the doctrine of *de minimis* use.

## EIGHTH DEFENSE

8.      Plaintiff's claim is barred in whole or in part by the doctrine of unclean hands.

## NINTH DEFENSE

9.      Plaintiff's claim is barred in whole or in part because Sun TV's conduct was in good faith and with non-willful intent, at all times.

## TENTH DEFENSE

10.     Plaintiff's claim is barred in whole or in part based on Plaintiff's implied license to Sun TV's alleged use of Plaintiff's purported copyrights.

## ELEVENTH DEFENSE

11.     Sun TV reserves the right to allege additional defenses as they become known during discovery and to amend this Answer accordingly.

## SUN TV'S COUNTERCLAIMS

Defendant/Counterclaim-Plaintiff, Sun TV Network Ltd. ("Sun TV"), as and for its counterclaims against Plaintiff/Counterclaim-Defendant Freeplay Music, LLC ("Freeplay"), alleges as follows:

## NATURE OF THE ACTION

1.      This action arises from years of false and deceptive advertising by Freeplay to lure unsuspecting users into believing that the music offered on its website is "free."  Beginning with its very name—"Freeplay"—its business model is premised on enticing consumers to download what is prominently advertised to the public as "free" music, and then threatening, and commencing, copyright suits in an attempt to extort vast amounts of money.  Since its inception in 2001, Freeplay has asserted copyright infringement claims in more than *two dozen* lawsuits, extracting settlements in these litigations and, on information and belief, in an untold number of other instances where the simple threat of litigation was enough to extract a shake down from unsuspecting consumers who mistakenly thought they were getting exactly what Freeplay advertises—music that was "free" to use.  As one article reports, quoting one of Freeplay's victims: "After luring people with ads for free music, Freeplay Music shakes them down for 'outrageous' license fees, 'a "bait and switch" followed by extortion.'"  Other online blogs have labeled Freeplay as a "copyright troll."

2.      In the last several years, Freeplay has aggressively taken its deceptive and misleading practices to YouTube, a platform used by 1.3 billion users worldwide, including, on information and belief, many millions who upload videos.  When a consumer looking for music to incorporate into a YouTube video enters a Google search for "free music," one of the top search results is Freeplay's website, [www.freeplaymusic.com](www.freeplaymusic.com).  A user who clicks through to

9

Freeplay's website then sees the following offer, displayed front and center on Freeplay's homepage:



Freeplay's entire copyright infringement claim is premised on the falsity of this promise of "FREE MUSIC FOR YOUTUBE."

3.    Only buried deep within Freeplay's website does Freeplay purport to disclose that this music is, in fact, not "free."  That disclosure is made in "Terms of Use" that a typical user would never see, nor is ever required to see, at any point in the course of downloading Freeplay's music.  On information and belief, most of Freeplay's victims learn that Freeplay's promise of "free music for YouTube" is false only when Freeplay sends a demand letter, demanding as much as $150,000 in statutory damages, for each downloaded song, based on the outrageous allegation that the user's unwitting "copyright infringement" was "willful."

4.    On information and belief, Freeplay's false advertising and deceptive trade practices have harmed an untold number of consumers and businesses who innocently use Freeplay's "free" music in creating their YouTube videos, only to have these videos taken down when Freeplay issues a copyright takedown notice to YouTube.  On information and belief, in many cases, such consumers and businesses are ultimately victims of Freeplay's exorbitant

settlement demands.  Freeplay's false and deceptive advertising has also harmed businesses that use YouTube, such as Sun TV, whose employees and outside contractors are among those who have been deceived by Freeplay.  The result is that numerous businesses, including Sun TV, have been forced to expend costly legal fees and use limited judicial resources relating to Freeplay's misfounded copyright infringement claims, which are a direct and deliberate result of Freeplay's own false and deceptive advertising.  This Court should prevent Freeplay from further profiting from its intentional deception, and in so doing send a message to other "copyright trolls."

## PARTIES

5.      Sun TV is a company incorporated in India.  Its principle place of business is Murasoli Maran Towers, 73, MRC Nagar Main Road, MRC Nagar, Chennai — 600 028, Tamil Nadu, India.

6.      On information and belief, Freeplay is a Delaware limited liability company, with a principle place of business in New York, New York.

## JURISDICTION AND VENUE

7.      This action arises under Section 43(a) of the Lanham Act, 15 U.S.C. §§ 1125(a) and N.Y. General Business Law §§ 349 and 350.

8.      The Court has subject matter jurisdiction over the claims arising under the Lanham Act pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a), and supplemental jurisdiction over the claims arising under state statutory law pursuant to 28 U.S.C. §§ 1338(b) and 1367.

9.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

### FREEPLAY'S FALSE AND MISLEADING OFFER OF "FREE MUSIC"

10.     The counterclaims herein seek redress from Freeplay's deliberate and unlawful

false and misleading representations that its music is "free" to use on YouTube videos.

11.     A Google search for "free music" returns the following results, with Freeplay's

website appearing as the fourth non-advertised link (with the red arrow added for emphasis):



12.     On information and belief, all of the other sites shown above do, in fact, provide

free music.  Thus, it is only natural that a user searching the Internet for "free music" would

assume that Freeplay's music is free as well.

13.     On information and belief, to further its deceptive scheme, Freeplay has used misleading metadata and Search Engine Optimization (SEO) techniques to unfairly cause its website to appear at or near the top of website lists when users search the term "free music" on Internet search engines such as Google.

14.     The deception is only reinforced when a consumer clicks through to Freeplay's website (www.freeplaymusic.com), which prominently proclaims "**FREE MUSIC** FOR YOUTUBE":



15.     Freeplay's website allows consumers to browse, listen to, and download various musical recordings.  On information and belief, prior to July 2013, a visitor to Freeplay's website could download music files with one simple click of a computer mouse.  On information and belief, at no point was the user informed of any restrictions on the use of the music or prompted to pay a license fee.

16.     That is precisely what occurred to Sun TV: believing that Freeplay's music was free, as advertised, employees and contractors of Sun TV downloaded certain music files and incorporated them into certain YouTube videos.  Years passed without Sun TV receiving any notice that Freeplay's representation of providing "FREE MUSIC" was actually false.

17.     On information and belief, prior to July 2013, Freeplay's misrepresentations included, but were not limited to, the following on the "FAQs" section of Freeplay's website:

    a.     Under the heading "Why is Freeplay Music different than other production music libraries?," Freeplay explained on its website

13

that while "[t]ypically end users wanting the type of quality music represented in the Freeplay catalog would pay fees to the content owners and libraries known as synchronization or needledrops," Freeplay offered visitors "use and access to its content *free of any synchronization, needledrop or other upfront license fees*" (emphasis added).

b.    Under the question "Does this include programming and advertising that I produce for international distribution?," Freeplay stated on its website: "Absolutely. *You're free to include Freeplay music in programming or advertising for distribution anywhere in the world*" (emphasis added).

c.    Freeplay claimed on its website that its "innovative patent-pending business model *eliminate[d] the need for the licensing agreements and fees* normally associated with music of [the quality available on its website]" (emphasis added).

18.    On information and belief, the above misrepresentations were made by Freeplay and were contained on its website as of the date Sun TV became aware of Freeplay and started downloading music from its website.  Further, none of the music files that were incorporated into the videos that Freeplay claims are infringing featured audio watermarks, a commonly used technique to identify copyright ownership and restrictions.

14

19.     On information and belief, in or around July 2013, Freeplay modified its website to add a "Cart" feature, and to prompt users to select from a drop down menu of "license" options, as seen below:



20.     Yet even then, Freeplay continued to represent that "Personal use on YouTube" cost "$0.00," or in other words, is free, as seen below.



21.     On information and belief, Freeplay's website and license terms have changed since its inception.  On information and belief, at all relevant times, Freeplay has falsely,

deceptively, and misleadingly represented that its music was "free" to use under the circumstances at issue in this action.

## FREEPLAY'S DECEPTION OF OTHERS AND EXTORTION OF UNJUST SETTLEMENTS

22.     On information and belief, Sun TV is far from the only entity that has been deceived and misled by Freeplay's false and misleading advertising and representations.  On information and belief, many other consumers not associated with Sun TV have also been misled by Freeplay's name and brazen misrepresentation that if offers "**FREE MUSIC** FOR YOUTUBE."

23.     Freeplay's misrepresentations that it offers "free" music have been made without the requisite "clear and conspicuous" disclosure of the conditions that purportedly must be met for the offer of "free music" to apply.  Tellingly, such disclosures are required by the Federal Trade Commission ("FTC") and the City of New York.

24.     For instance, the FTC has promulgated a "Guide Concerning the Use of the Word 'Free' and Similar Representations" (the "Guide").  The Guide explains: "Because the purchasing public continually searches for the best buy, and regards the offer of 'Free' merchandise or service to be a special bargain, all such offers must be made with *extreme care* so as to avoid any possibility that consumers will be misled or deceived."  16 C.F.R. § 251.1(a)(2) (emphasis added).  Further, "[w]hen making 'Free' or similar offers all the terms, conditions and obligations upon which receipt and retention of the 'Free' item are contingent should be set forth *clearly and conspicuously* at the outset of the offer so as to leave *no reasonable probability that the terms might be misunderstood*."  *Id.* (emphasis added).

25.     Similarly, the Rules of the City of New York provide that:

A seller who imposes a condition on a free offer must describe the condition ***clearly and conspicuously***.  The description of every condition on a free offer must be placed near the word "free."  An asterisk or other symbol near the word "free," which refers the customer to a footnote containing conditions, does not satisfy this section.  This condition must be in print at least half as large as the print used for the word "free."

6 R.C.N.Y. § 5-06(b) (emphasis added).

26.     Notwithstanding these rules and regulations, Freeplay has misrepresented to consumers that it offers music for "free" without the requisite "clear and conspicuous" disclosure of the conditions that purportedly must be met for the offer of "free music" to apply.  Foreign consumers and businesses, such as Sun TV, are particularly susceptible to Freeplay's deception.

27.     The natural and proximate—and, indeed, intended—consequences of Freeplay's misconduct has been the very copyright "infringements" by which Freeplay purports to have been injured.  In reality, Freeplay seeks to earn a windfall by extorting a monetary settlement.

28.     Such fraudulent tactics are the very basis of Freeplay's business model.  This action is just one of the over two dozen in which Freeplay has asserted copyright infringement claims over the last several years.  On information and belief, most, if not all, of these litigations resulted in monetary settlements for Freeplay that exceeded what it could or would have earned in license fees, had the purported terms of usage been properly disclosed.

29.     On information and belief, Freeplay and its agent and related entity TuneSat has sent demand letters to other individuals and entities it never sued, and who entered into monetary settlements with Freeplay precisely to avoid the costly litigation that Freeplay threatened, but that its victims could not afford to defend.

30.     On information and belief, Freeplay routinely demands payment of as much as $150,000 per work in its settlement demands and in litigation pleadings—as it does in the instant action—even though the purported "infringements" were deliberately caused by its own false

and deceptive advertising, and even though the cost to license those works from Freeplay ($100 per work per year) is orders of magnitude less.

31.     Sun TV has become Freeplay's latest victim.  On September 30, 2015, years after most of the music was downloaded and incorporated into videos and uploaded to YouTube, Freeplay sent a letter to Sun TV claiming that Freeplay's uses required a license.  In subsequent communications, Freeplay demanded as much as $3.09 million in settlement fees, despite the fact that even by Freeplay's current purported license fees, it would only cost $120,300 per year to use music in the 1,203 videos that Freeplay claims infringe.  Freeplay has continued its copyright troll tactics by filing suit.

32.     As a direct result of Freeplay's false and deceptive representations and advertisements, Sun TV, as well as other victims of Freeplay's practices, have been forced to expend costly legal fees to defend against Freeplay's predatory litigation efforts, all arising from the very "infringements" Freeplay has deliberately induced through its false and misleading advertisements and representations.

33.     Freeplay's conduct has also caused reputational injury by falsely casting Sun TV as a copyright infringer.

34.     Unless Freeplay's predatory business model and practices are put to a halt, Sun TV and members of the public will continue to be harmed, as YouTube users continue to rely on Freeplay's false advertisement of "**FREE MUSIC** FOR YOUTUBE."

### FIRST COUNTERCLAIM
**(Federal False Advertising, 15 U.S.C. § 1125(a))**

35.     Sun TV repeats and realleges the allegations in Paragraphs 1 through 34 as if fully set forth herein.

36.     Freeplay has made false, deceptive, and misleading descriptions and representations of fact in its commercial advertising concerning the nature, characteristics, and qualities of its goods, services, and commercial activities, in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

37.     Freeplay's false, deceptive, and misleading descriptions and representations that its music is "free," without adequate disclosure of the conditions and limitations under which its music is purportedly not "free," have deceived and are likely to deceive purchasers and consumers.

38.     Freeplay's false, deceptive, and misleading advertising has damaged Sun TV's commercial interests by, among other things, depriving Sun TV of advertising revenue and sales.

39.     Freeplay's false, deceptive, and misleading advertising has caused, and will continue to cause, irreparable injury to Sun TV's goodwill and reputation, for which there is no adequate remedy at law.

40.     Freeplay's conduct is and, at all relevant times, has been willful, deliberate, intentional, and in bad faith.

## SECOND COUNTERCLAIM
### (Deceptive Acts and Practices, N.Y. Gen. Bus. Law § 349)

41.     Sun TV repeats and realleges the allegations in Paragraphs 1 through 40 as if fully set forth herein.

42.     Freeplay's false, misleading, and deceptive statements and representations constitute unfair and deceptive business practices under the law of the State of New York, pursuant to N.Y. General Business Law § 349.

43.     Freeplay's false, misleading, and deceptive statements and representations that its music is "free," without adequate disclosure of the conditions and limitations under which its music is purportedly not "free," are deceptive and materially misleading.

44.     Freeplay's false, misleading, and deceptive statements and representations of fact are directed toward consumers and have resulted in consumer injury and harm to the public in New York and nationwide.

45.     The transactions by which such harm was caused occurred in New York.  These transactions include, among other things, Freeplay's posting of the false, deceptive and misleading advertisements on its website, which, on information and belief, is maintained and operated from Freeplay's place of business in New York.

46.     Freeplay's conduct has caused, and will continue to cause, irreparable injury to Sun TV, including injury to its business, reputation and goodwill, for which there is no adequate remedy at law.

47.     Freeplay's conduct is and, at all times relevant, has been willful, deliberate, intentional, and in bad faith.

### THIRD COUNTERCLAIM
**(False Advertising, N.Y. Gen. Bus. Law § 350 *et seq.*)**

48.     Sun TV repeats and realleges the allegations in Paragraphs 1 through 47 as if fully set forth herein.

49.     Freeplay has made, published, disseminated, and circulated false, deceptive, and misleading statements, representations, and advertisements that constitute false advertising, pursuant to N.Y. General Business Law § 350 *et seq.*

50.     Freeplay's false, misleading, and deceptive representations and advertisements that its music is "free," without adequate disclosure of the conditions and limitations under which its music is purportedly not "free" are deceptive and materially misleading.

51.     Freeplay's false, misleading and deceptive representations and advertisements are directed toward consumers, and have resulted in consumer injury and harm to the public interest in New York and nationwide.

52.     The transactions by which such harm was caused occurred in New York.  These transactions include, among other things, Freeplay's posting of the false, deceptive and misleading advertisements on its website, which, on information and belief, is maintained and operated from Freeplay's place of business in New York.

53.     Freeplay's conduct has caused, and will continue to cause, irreparable injury to Sun TV, including injury to its business, reputation and goodwill, for which there is no adequate remedy at law.

54.     Freeplay's conduct is and, at all relevant times, has been willful, deliberate, intentional, and in bad faith.

## **PRAYER FOR RELIEF**

WHEREFORE, Sun TV respectfully prays that this court:

(a)     Grant judgment for Sun TV on all counterclaims asserted against Freeplay;

(b)     Enter an injunction prohibiting Freeplay, its agents, or anyone working for, in concert with or on behalf of Freeplay from publishing, disseminating and/or promoting false, deceptive, and misleading statements, representations, and advertisements including that Freeplay's music is "free";

(c)     Award Sun TV an accounting of all of Freeplay's profits derived from Freeplay's false, deceptive, and misleading statements, representations, and advertisements, pursuant to 15 U.S.C. § 1117;

(d)     Award Sun TV damages sustained as a result of Freeplay's wrongful conduct, pursuant to 15 U.S.C. § 1117 and N.Y. Gen. Bus. Law §§ 349 and 350 *et seq.*;

(e)     Treble the foregoing damages as a result of Freeplay's willful, intentional and deliberate acts;

(f)     Award Sun TV its costs and reasonable attorneys' fees;

(g)     Award Sun TV prejudgment and post-judgment interest; and

(h)     Grant Sun TV such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Sun TV requests a trial by jury on all issues so triable.

Dated: New York, New York
February 23, 2017

/s/ Dale M. Cendali
Dale M. Cendali
Johanna Schmitt
Shanti E. Sadtler
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
dale.cendali@kirkland.com
johanna.schmitt@kirkland.com
shanti.sadtler@kirkland.com

Attorneys for Defendant and
Counterclaim-Plaintiff
Sun TV Network Ltd.